IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Darry Lynn Porter, #284030, | ) | C/A No.: 1:12-435-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Department of | ) | |
| Corrections; Robert Ward, Acting | ) | REPORT AND RECOMMENDATION |
| Director of S.C.D.C.; William Byars, | ) | |
| Director of S.C.D.C.; Willie Eagleton, | ) | |
| Warden Evans Correctional Institution; | ) | |
| Mr. McFadden, Associate Warden Evans | ) | |
| Corr. Inst.; Mr. Bethea, Head | ) | |
| Classification Supervisor Evans Corr. | ) | |
| Inst., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil action seeking an injunction against the defendants. He alleges that his sentence has not been properly calculated. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Amended Complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

This court takes judicial notice that Plaintiff previously filed in this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking an earlier release from prison. *See Porter v. Warden*, C/A No. 1:11-3416-RMG-SVH (D.S.C.) ("*Porter I*"). It is

appropriate for this court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). Within the Report and Recommendation entered in *Porter I*, this court set forth in detail Plaintiff's allegations concerning his attempts to have the South Carolina Department of Corrections ("SCDC"), the sentencing judge, the South Carolina Administrative Law Court, and a South Carolina appellate court, properly calculate his sentence release date.[1] *See Porter I* [Entry #16]. Here, Plaintiff sets forth the same or similar allegations to demonstrate that his release date should have been January 1, 2012, but that SCDC wrongfully has determined that his release date is December 26, 2012. *Compare* [Entry #8 at 1–4, #8-1 at 3–6] with *Porter I* [Entry #16]. Plaintiff requests an injunction for immediate release from imprisonment and that this court order the defendants to comply with previous state court orders pertaining to his sentence. [Entry #8 at 4].

II.    Discussion

    A.    Standard of Review

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

---

[1] As of the date this Report and Recommendation is entered, the district judge has not ruled in *Porter I*.

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Liberally construed, Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983, seeking injunctive relief against the defendants. However, Plaintiff fails to state a claim on which relief may be granted by this court. Plaintiff requests that this court order defendants to comply with previous state court orders pertaining to his sentence, which he alleges would have the effect of immediate release from prison. Also, Plaintiff asks this court to order his immediate release from prison. Because release from prison is not available in a civil rights action, the court is unable to grant Plaintiff the relief requested. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88

(1973) (attacking the length of duration of confinement is within the core of habeas corpus).

Moreover, Plaintiff previously filed a § 2254 petition for a writ of habeas corpus in this court based upon very similar allegations, and the habeas action remains pending. Thus, this action is duplicative or repetitive to *Porter I*. For this court to entertain this lawsuit, along with *Porter I*, would fly in the face of the important interests of judicial efficiency and economy. *See, e.g., Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.") (citation omitted). Therefore, the undersigned recommends the amended complaint in this matter be dismissed.

III. Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*/s/ Shiva V. Hodges*

March 12, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).