IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darry Lynn Porter, #284030, ) | Civil Action No. 1:12-cv-435-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| South Carolina Department of Corrections; ) | |
| Robert Ward, Acting Director of S.C.D.C.; ) | |
| William Byars, Director of S.C.D.C.; ) | |
| Willie Eagleton, Warden Evans ) | |
| Correctional Institution; Mr. McFadden, ) | |
| Associate Warden Evans Corr. Inst.; Mr. ) | |
| Bethea, Head Classification Supervisor ) | |
| Evans Corr. Inst., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action seeking immediate release from prison, arguing that his sentence has not been properly calculated. Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On March 12, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 13). The Magistrate Judge instructed Plaintiff regarding the deadline to file objections to the Report and Recommendation and the serious consequences for failing to do so. (*Id.* at 5). Nevertheless, Plaintiff did not file any objections to the Report and Recommendation. As explained herein, the Court adopts the Magistrate Judge's Report and Recommendation and dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

1

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Plaintiff previously filed a § 2254 petition for a writ of habeas corpus in this court based upon nearly identical allegations, requesting an earlier release from prison. *See Porter v. Warden, Evans Corr. Inst.*, No. 1:11-3416, 2012 WL 871199 (D.S.C. March 14, 2012). On March 14, 2012, this Court issued an Order dismissing Plaintiff's petition based on Plaintiff's admitted failure to exhaust his remedies. *See id*. The Court takes judicial notice of this duplicative lawsuit. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that courts "may properly take judicial notice of matters of public record"). As explained in the Magistrate's Report and Recommendation, the Court is not required to entertain duplicative lawsuits. *See Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.") (quoting *Aloe Crème Labs., Inc. v. Francine*

*Co.*, 425 F.2d 1295, 1996 (5th Cir. 1970)). Thus, Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Court Judge

April 3, 2012
Charleston, South Carolina